**WEIJUN KONG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–4934–ag.**

United States Court of Appeals, Second Circuit.

April 10, 2008.

Michael X. Tang, Flushing, New York, for Petitioner.

Troy A. Eid, United States Attorney, District of Colorado; Michael C. Johnson, Assistant United States Attorney, District of Colorado, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Weijun Kong, a native and citizen of China, seeks review of an October 4, 2006 order of the BIA affirming the June 22, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying petitioner's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Kong, Weijun,* No. A 78 656 690 (B.I.A. Oct. 4, 2006), *aff'g* No. A 78 656 690 (Immig. Ct. N.Y. City June 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See, e.g., Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005).

As a preliminary matter, Kong fails to challenge the denial of his withholding and CAT claims before this Court, and, thus, has waived those claims. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 (2d Cir.2005).

We review de novo the IJ's determination concerning the sufficiency of the evidence, as this presents a question regarding the application of law to fact. *Edimo–Doualla v. Gonzales,* 464 F.3d 276, 281 (2d Cir.2006).

### I. Religion Claim

 Kong testified that he was detained for twenty hours, after being arrested in connection with church activity. As the IJ noted in her oral decision, Kong was held, questioned, and hit by one of the persons interrogating him. It is well established that brief periods of detention, on their own, do not rise to the level of persecution. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 182 (2d Cir.2006); *Ai Feng Yuan v. U.S. Dept. of Justice,* 416 F.3d 192, 198 (2d Cir.2005). However, in *Beskovic v. Gonzales,* 467 F.3d 223 (2d Cir.2006), this Court stated that the difference between harassment and persecution is one of degree, which must be assessed with regard to the context in which the mistreatment occurs. *Id.* at 226. The Court cautioned the BIA to be "keenly sensitive" to the fact

that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.* Our concern in *Beskovic* is exactly what happened to Kong—he received a minor beating in the context of an arrest on the basis of his participation in a religious ceremony. As we stated clearly in *Beskovic,* "evidence that an alien, because of her membership in a statutorily protected class, suffer[ed] physical abuse and violence at the hands of government agents . . . may preclude a finding that the conduct is mere harassment that does not as a matter of law rise to the level of persecution, for *violent conduct generally goes beyond the mere annoyance and distress that characterize harassment." Id.* at 226 (internal citations and quotations omitted)(emphasis in original). Thus, the IJ's finding that Kong had not suffered past persecution was unreasonable—Kong had, in fact, suffered past persecution on the basis of his religion.

Past persecution creates a presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). Because a showing of past persecution creates this presumption, the IJ's failure to adequately explain why an applicant has failed to show past persecution requires remand in this case. *See Beskovic v. Gonzales,* 467 F.3d 223, 227 (2d Cir.2006). In these circumstances, we remand since we cannot predict with confidence that, applying the correct legal standard, the agency would again deny relief. *See Rafiq v. Gonzales,* 458 F.3d 36, 38–39 (2d Cir.2006) (per curiam).

## II. Political Opinion Claim

■ To establish past persecution, the harm suffered by the applicant must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006); *see also Fatin v. INS,* 12 F.3d 1233, 1240 (3d Cir.1993)("[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional."). With respect to Kong's claim of persecution on account of political opinion, the IJ reasonably found that Kong's testimony that he was forced to attend reeducation classes, and did not obtain his preferred job, does not rise to the level of persecution. *See Ivanishvili,* 433 F.3d at 341; *In re T–Z,* 24 I. & N. Dec. 163 (B.I.A.2007) (stating that economic persecution requires severe economic discrimination).

■ But an applicant can qualify for asylum even in the absence of a showing of past persecution. *Islami v. Gonzales,* 412 F.3d 391, 394 n. 3 (2d Cir.2005) ("[A] showing of past persecution under 8 U.S.C. § 1101(a)(42) need not be a necessary condition for asylum eligibility to be established. An applicant who demonstrates a well-founded fear of future persecution is not required to show that he or she suffered past persecution as well."). Thus, "an asylum claim based solely on evidence of a well-founded fear of *future* persecution is not necessarily foreclosed by an IJ's finding that an applicant's anecdotes of *past* persecution are not believable." *Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir. 2006) (emphasis in original). Here, the IJ's decision with respect Kong's claim of future persecution on account of political opinion rests primarily on her finding that there is no evidence to show the Chinese government is aware of Kong's activities or would connect Kong to the pseudonym he has been using when engaging in political activities in this country. However, we have explained that an applicant seeking to show future persecution is "not required to establish that the. government was aware of him as an individual. Under 8 C.F.R. §§ 208.13(b)(2)(iii) and 208.16(b)(2) it suf-

ficed to establish petitioner's eligibility for asylum and entitlement to withholding for petitioner to prove that he was a pro-democracy activist [1] and that the ... government has a pattern or practice of persecuting similarly situated pro-democracy activists." *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 570 (2d Cir.2006). Thus, the IJ erred in relying on a finding that Kong failed to demonstrate that the Chinese government knew that he was engaged in relevant political activity in the United States in reaching her conclusion that he did not have a well-founded fear of future persecution. This is of particular concern in this case, because as the IJ noted, "[t]he background material *does* establish that dissidents are treated harshly in China." (emphasis added). Again, we remand on the issue of Kong's political opinion claim, since we cannot predict with confidence that, applying the correct legal standard, the agency would again deny relief. *See Rafiq v. Gonzales*, 458 F.3d 36, 38–39 (2d Cir.2006) (per curiam).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the cause is REMANDED for further consideration consistent with this order. Having completed our review, the pending motion for stay of the order of removal in this petition is DENIED as moot.

---

1. To the extent that there is any question regarding Kong's participation in pro-democracy activities, we note that Kong offered the testimony of two CDP members on this subject, and the government agreed to stipulate that the witnesses would testify consistently with their affidavits. Neither the IJ nor BIA made any reference to such testimony in their decisions, and while the agency is not required to "enumerate and evaluate on the record each piece of evidence, item by item," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006), the agency may not fail to "give attention to [evidence] 'too important to ignore,' " *Yi Long Yang v. Gonzales*, 478 F.3d 133, 143 (2d Cir.2007).

